36 So.2d 328

PRESTRIDGE et al. v. GARRY.

7 Div. 944.

Supreme Court of Alabama.

June 10, 1948.

Rehearing Denied July 31, 1948.

182

Lusk, Swann & Burns, of· Gadsden, for
appellants.

Hood, Inzer, Martin & Suttle, of Gads-
den, for appellee.

BROWN, Justice.

The bill filed by the mortgagee seeks foreclosure of the mortgage executed by Lonnie L. Daniel, Sr. and wife to the complainant Garry to secure an indebtedness incurred for money borrowed from complainant contemporaneously with the execution of the mortgage, in the sum of $3,500 evidenced by three promissory notes, due respectively one for $1,000, two for $1,250 each due in the order named July 24, 1946, July 24, 1947, and July 24, 1948, with three interest notes aggregating $580. Following the recital of this indebtedness, the mortgage embodied the following:

"* * * Now, therefore, in consideration of the premises and one dollar paid to the undersigned on the delivery of this instrument, and in further consideration of said indebtedness, and to secure the prompt payment of the same as it respectively matures, and the punctual payment of all other debts the aforesaid debtor may now owe or *hereafter incur with the said above named mortgagee* up to the time this mortgage is cancelled of record and to secure the faithful performance of all promises and agreements herein named * * *." [Italics supplied.]

The mortgage was duly executed and acknowledged on July 24, 1945, and filed for record on the 18th day of August, 1945, at which time the recording fee of $2.50 and the "mortgage tax $5.25" was. paid,. and was "recorded in Mortgage Rec-

ord 294 at page 190", on the 11th of August, 1945.

The mortgage covers lots 37 and 38, the subdivision of Lot or Block "J" of Pinehurst Addition to East Gadsden according to the map of said subdivision.

The bill alleges:

"5. Complainant further avers that the Defendant, Lonnie L. Daniel, Sr., has constructed a house on said real estate and proceeds of the original loan, or a substantial part thereof, were used in paying part of the costs of the labor and materials entering into the construction, and that the said Lonnie L. Daniel, Sr. applied to the Complainant from time to time during the period from July 24, 1945, to April 8, 1947, for additional advancements or loans to pay for the labor and materials entering into the construction of said house and to complete the construction thereof, and the Complainant did make such additional loans and advancements aggregating Forty Five Hundred & No/100 Dollars ($4500.00), the proceeds of said additional loans being used by the said Lonnie L. Daniel, Sr. in the payment of materialmen and laborers for materials and labor entering into the construction of said house, and on to-wit, April 8, 1947, at which time construction of said house had been completed, the said Lonnie L. Daniel, Sr. executed to the Complainant a promissory note payable on demand in the amount of Forty-Five Hundred & No/100 Dollars ($4500.00).

"6. Complainant further avers that the defendant, Lonnie L. Daniel, Sr., has defaulted in the payment of the principal and interest installments due July 24, 1946, and the principal and interest installments due July 24, 1947, and has paid no amount as principal or interest on said Thirty-Five Hundred & No/100 ($3500.00) originally loaned, nor has he paid any amount on the additional loan evidenced by the note in the amount of Forty-Five Hundred & No /100 ($4500.00) executed April 8, 1947, and there is now due and owing to Complainant the amount of Eight Thousand & No/100 Dollars ($8000.00) plus interest thereon.

"7. Complainant further avers that the additional loans made by him to said Lonnie L. Daniel, Sr. between July 24, 1945, and April 8, 1947, aggregating Forty Five Hundred & No/100 Dollars ($4500.00) is also secured by the mortgage above referred to dated July 24, 1945, and recorded in Mortgage Record 294 at Page 190 in the Probate Office of Etowah County, Alabama, and were made under the terms and provisions of said mortgage and for the purpose of discharging the claims for labor and materials which were necessary to complete the construction of said house, and that he is entitled to a lien under the terms and provisions of said mortgage on the real estate described in Paragraph 4, and all improvements located thereon for the security of said additional loans, which lien is superior to any lien owned by, or any right, title or interest claimed by the Defendants, or either of them, in and to said real estate. * * *."

The mortgage contained an accelerating clause and provided for solicitor's fees for foreclosure. Homer L. Prestridge and Maud M. Prestridge were made parties defendant and the bill alleges that they secured a judgment against the mortgagors Daniel and wife in the Circuit Court of Etowah County, Alabama, on October 8, 1947, in the sum of $1,484.63 and that a certificate of judgment has been recorded in the Probate Office of Etowah County, Alabama, constituting a lien on the real estate covered by the mortgage.

The respondents Prestridge demurred to the bill on the ground that the complainant had failed to comply with the provisions of § 619, subsection (b), Title 51, Code of 1940, in that the mortgagees had failed to have the department of revenue fix the amount of the tax on the indebtedness incurred subsequent to the execution of the mortgage and its recordation, taking the point that said recordation of the mortgage was inefficacious as constructive notice of the indebtedness secured thereby. The demurrer was overruled and it is from that decree that this appeal is prosecuted.

Appellees concede that when the mortgage was filed for record, appellee paid the tax ascertained by the judge of probate to be due and payable as calculated on the face of the indebtedness stated in the mortgage, but that he failed to petition the

department of revenue to "ascertain to its own satisfaction the amount then taxable, and *the amount to be incurred thereafter,* and determine the amount upon which the tax shall be paid at the time such instrument is offered for record, * * *", and have the same endorsed on said instrument. Code of 1940, Title 51, § 619(b). [Italics supplied.] That appellee's failure to so have the amount of the tax ascertained and endorsed as required on the mortgage, and pay the same, rendered the recordation thereof inefficacious as constructive notice of the existence and contents of said mortgage under the provisions of §§ 95 and 102, Title 47, Code of 1940.

Thus in legal effect rendering said mortgage void as against appellants as judgment creditors.

 The contention of the appellee, on the other hand, is that the statute on its face is not applicable to this mortgage, in that it provides: "If any part of the indebtedness which the mortgagor or debtor *in any other instrument* is authorized to incur under the terms of the instrument has not been, or will not be, presently incurred, at the time such instrument is offered for record, the tax shall be paid on the amount of indebtedness presently incurred, and the department of revenue, upon the petition of the owner of any such instrument, * * * shall ascertain to its own satisfaction the amount then taxable, and the amount to be incurred thereafter, and determine the amount upon which the tax shall be paid at the time such instrument is offered for record, and shall endorse its findings on such instrument. * * *" Code of 1940, Title 51, § 619 subsection (b). [Italics supplied.]

The argument is that there is no *other instrument* authorizing the mortgagor or debtor to incur any further indebtedness under the mortgage in question, nor was there any basis or data for ascertaining the amount of any future indebtedness covered by the mortgage. That the provisions in question were designed to cover blanket mortgages or deeds of trust executed for securing bonded indebtedness in which the proceedings authorizing such indebtedness furnishes full data for ascertaining the amount of the indebtedness and a reasonable basis for calculation of the tax.

We are of opinion that this contention is sound and that the decree overruling the demurrer to the bill is free from error.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.